IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

WARREN STEWART,

        Petitioner,

v.                                  Case No. 3:91CR89-02

UNITED STATES OF AMERICA,

        Respondent.

**REPORT AND RECOMMENDATION THAT
MOTION FOR WRIT OF MANDAMUS BE DENIED**

I. Background

Petitioner filed a Motion for Writ of Mandamus March 10, 2006. The motion was referred to the undersigned November 20, 2006. The Government filed its response and Motion to Dismiss January 22, 2007.

II. Facts

Petitioner was sentenced to 192 months imprisonment by the Honorable Frederick P. Stamp, Jr., Judge of the United States District Court for the Northern District of West Virginia on March 16, 1992. (See Government Memorandum Exh. 1 Decl. of Tracy Davis Attachment B). Petitioner was sentenced to forty (40) years imprisonment consecutive to any other sentence imposed on the Petitioner on January 14, 1993 by the Honorable Herman A. Whisenant, Jr., Judge of the Circuit Court of Prince William County, Virginia. Id., Attachment C). Petitioner completed service of his federal sentence July 1, 2005 (Id., Attachment A) and was turned over to authorities of the Commonwealth of Virginia. Petitioner is currently incarcerated in the Commonwealth of Virginia serving his state sentence.

III. <u>Analysis</u>

Petitioner appears to seek a Writ of Mandamus from the Court ordering the Bureau of Prisons (BOP) to have his federal and state sentences run concurrently by retroactive designation because the total time served if the federal and state sentences run concurrently exceeds the sentence called for by the sentencing guidelines.

The Government seeks to dismiss the Mandamus action contending the United States is not a proper party and the Court lacks jurisdiction to consider Petitioner's motion because Petitioner's federal sentence has been fully executed. The Government also contends that even if Petitioner were entitled to relief he has not met the requirements for a Writ of Mandamus to issue.

18 U.S.C. § 3584 provides generally that multiple terms of imprisonment may run concurrently or separately at the judge's discretion if multiple terms of imprisonment are imposed at the same time or a term of imprisonment is imposed on a defendant who is already subject of an undischarged term of imprisonment. The statute is understandably silent as to sentences imposed prior to subsequently imposed sentences.

In this case, when the Federal Court imposed its sentence, there were apparently state court charges pending but no state court sentence had bene imposed. <u>Romandine v. U.S.</u>, 206 F.3d 731, 737-738 (7th Cir. 2000) holds a judge has no authority to order his sentence to run concurrently with a non-existent sentence of some other court. <u>United States v. Quintero</u>, 157 F.3d 1038, 1039 (6th Cir. 1998) holds that 18 U.S.C. § 3584(a) does not authorize a district court to order a sentence to be served consecutively to a not yet imposed state sentence. The plain reading of the statute indicates the district court has no power to order its sentence to be either concurrent with or consecutive to

a sentence of another court not imposed as of the imposition of the first sentence. Further, only the BOP can designate where a prisoner is imprisoned under 18 U.S.C. § 3621(b).

The issue is whether the BOP has the power that the district court does not. Petitioner seeks retroactive designation under 18 U.S.C. § 3621(b) which is the statute authorizing the BOP to designate the place of a prisoner's imprisonment. Petitioner contends that BOP Program Statement 5160.05, Section 9.c.(4) requires the BOP to consider an inmate's request for a nunc pro tunc order that his Federal sentence run concurrently with a state sentence. The policy reads as follows:

> (4) **Inmate Request.** Occasionally, an inmate may request a nunc pro tunc (i.e., occurring now as though it had occurred in the past) designation. As a result of the decision in Barden v. Keohane, 921 F.2d 476 (3rd Cir. 1990), the Bureau considers an inmate's request for pre-sentence credit toward a federal sentence for time spent in service of a state sentence as a request for a nunc pro tunc designation.
>
> (a) In Barden, the court held that the Bureau must consider an inmate's request for concurrent service of the state and federal sentences.
>
> ■ However, there is no obligation under Barden for the Bureau to grant the request by designating a state institution retroactively as the place to serve the federal sentence.
>
> (b) This type of request will be considered regardless of whether the inmate is physically located in either a federal or state institution. Information will be gathered, if available, to include:
>
> ■ a copy of the federal and state J & Cs,
> ■ the state sentence data record to include jail credit, and
> ■ any other pertinent information relating to the federal and state sentences.
>
> (c) In making the determination, if a designation for concurrent service may be appropriate (e.g., the federal sentence is imposed first and there is no order or recommendation regarding the

3

service of the sentence in relationship to the yet to be imposed state term), the RISA will send a letter to the sentencing court (either the Chambers of the Judge, U.S. Attorney's Office, and/or U.S. Probation Office, as appropriate) inquiring whether the court has any objections. Regardless of where the original inquiry is directed, the U.S. Attorney's Office and U.S. Probation Office will receive a courtesy copy.

(d) If, after 60 days, a response is not received from the sentencing court, the RISA will address the issue with the Regional Counsel and a decision will be made regarding concurrency.

(e) No letter need be written if it is determined that a concurrent designation is not appropriate. If the court has indicated previously that its language on judgments is sufficient for designation of a state institution for service of the federal sentence, then no further letters need be written.

When the original sentencing judge is no longer available and the assigned judge offers no opinion, the RISA will make a determination based on the particular merits of the case. (Refer to Section 8.a. for more information.) The RISA will notify the inmate of the decision in writing and place a copy of this notification in the J & C file.

(f) The Bureau will not allow a concurrent designation if the sentencing Court has already made a determination regarding the order of service sentence (i.e., the Federal Sentencing Court ordered the sentence to run consecutively to any other sentence, or custody in operation, during any time in which the inmate requests concurrent designation).

The Court can find only five cases, none of which is a published opinion, dealing with program statement 5160.05.

<u>McCall v. Bureau of Prisons</u>, 2007 U.S. Dist. Lexis 4582 held that the BOP must review and decide the request of prisoner McCall who was serving a state sentence. McCall was sentenced in federal court in 1996 and was sentenced in state court in 1998 in three different cases. McCall began

4

serving his state sentence in state prison. McCall sought to have the BOP designte the state facility to serve his Federal sentence concurrently nunc pro tunc.

Ziegler v. Sanders, 2006 U.S. Dist. Lexis 57561, held that the BOP did not abuse its discretionary authority declining to make a nunc pro tunc order designating the state prison as the place of serving the federal sentence. Ziegler was sentenced in state court in April 2003, and the state judge ordered the state sentence to run concurrently with any not-yet-imposed federal sentence. In November, 2003, Ziegler was sentenced in federal court with the federal sentences to run concurrently. The federal sentence was silent as to whether it ran concurrently with the previously imposed state sentence. Ziegler began serving his state sentence in December 2003 and was paroled in March 2004, but held on a federal detainer. BOP considered, but denied, Ziegler's request for a nunc pro tunc order.

Blom v. Folino, 2006 U.S. App. Lexis 26940 held that the inmate had failed to exhaust his administrative remedy prior to requesting his state sentence to run concurrently with his federal sentence by habeas petition. Blom was arrested by state authorities in 1999 and turned over to federal authorities where he was sentenced on a federal weapons offense. Blom was returned to state authorities and sentenced to life without parole. Among other relief, Blom sought that his current state prison be designated as the prison for service of his state sentence.

Fisher v. Shearin, 2004 U.S. Dist. Lexis 22046 held that Fisher was not entitled to habeas relief making his state and federal sentences run concurrently. Fisher was arrested on state charges and turned over to federal authorities. Fisher was convinced on federal charges in 1996 of being a felon in possession and then returned to state custody. Fisher was convicted in state court of probation violation and began serving his state sentence in state custody. The state court said his

5

state sentence should run concurrently with his federal sentence. Fisher was released from state custody in 2000, was turned over to federal authorities and began serving his federal sentence. Fisher sought to have his federal sentence begin when he began his state sentence. After review including contacting the sentencing federal judge who said the federal sentence should be consecutive to the state sentence, the BOP declined Fisher's request.

Palacio v. Nash, 2006 U.S. Dist. Lexis 4725, held that BOP abused its discretion by not following the requirements of its program statement for determining whether to grant a nunc pro tunc order concerning Palacio's sentence. Palacio was sentenced in federal court in 1999 to two concurrent sentences of 64 months, and to two consecutive sentences to any federal or state sentence of 15 months and 6 months. A month later Palacio was sentenced in state court to a 5 to 12 year sentence to run consecutively to his federal sentence. The state refused Palacio as a prisoner because his state sentence was ordered consecutive to his federal sentence. Palacio was resentenced in state court and the consecutive order was removed. Palacio was paroled from state custody in June 2004 and began serving his federal sentence.

None of these unreported cases involves a prisoner who served his federal sentence first, whose federal sentence was completed and was released from custody or whose state sentence was ordered to run consecutively. Therefore, none of these cases is applicable to this case.

Paragraph 4 begins with a reference to Barden v. Keohane, 921 F.2d 476 (3rd Cir. 1990). The specific language of paragraph 4 contains the words " . . . the bureau considers an inmate's request FOR PRESENTENCE CREDIT TOWARD A FEDERAL SENTENCE for time spent IN SERVICE OF A STATE SENTENCE as a request for a nunc pro tunc designation." (EMPHASIS ADDED). In this case there was no state sentence served prior to the federal sentence. In this case

6

the federal sentence was served first. In Barden, a lengthy state sentence was designated by the state judge to run concurrently with the federal sentence. In this case the federal sentence was imposed and served prior to the state sentence and the state judge wanted the state sentence to run consecutively to the federal sentence. The carefully chosen words of the Barden case indicate that it is limited to special situations where an inmate is received into federal custody long after sentencing (see footnote 9) and "on the peculiar facts of this case". Id. at 478. The program statement was carefully crafted to limit the application of paragraph 4 to inmate requests for nunc pro tunc orders related to pre-sentence credit for incarceration in a state prison prior to incarceration in federal prison. The undersigned finds that petitioner does not meet the requirements of paragraph 4 of the program statement because there was no state sentence served prior to the federal sentence. Therefore, the Bureau of Prisons does not have to follow the procedure in paragraph 4 and consider the inmate's request.

There is no need to consider whether the United States is a proper party or petitioner meets the requirements for a Mandamus action since he cannot prevail substantively.

IV. Recommendation

For the foregoing reasons, it is recommended that Respondent's Motion to Dismiss be **GRANTED** and the Petition be **DISMISSED WITH PREJUDICE**.

Any party who appears pro se and any counsel of record, as applicable, may, within ten (10) days from the date of this Report and Recommendation, file with the Clerk of the Court an original and two (2) copies of the written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. Failure to timely file

objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation.

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to parties who appear pro se and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: February 5, 2007

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE