IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

      Plaintiff,

v.                            Criminal Action No. 3:91CR89-02
                                                                (STAMP)
WARREN STEWART,

      Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE AND
OVERRULING THE DEFENDANT'S OBJECTIONS TO
THE REPORT AND RECOMMENDATION,
AND DENYING DEFENDANT'S MOTION
FOR WRIT OF MANDAMUS**

I. Procedural History

On March 10, 2006, the defendant, Warren Stewart, filed a pro se[1] motion for writ of mandamus. This Court referred to the motion to United States Magistrate Judge James E. Seibert on November 20, 2006. The government then filed its response to the defendant's motion for writ of mandamus and filed a motion to dismiss the defendant's motion. Magistrate Judge Seibert issued a report recommending that the government's motion to dismiss be granted and that the defendant's motion be denied with prejudice. The magistrate judge informed the parties that if they objected to any portion of his recommendation, they must file written objections

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

within ten days after being served with a copy of his recommendation. The defendant then filed an amendment to the petition and objections to the report and recommendation. For the reasons set forth below, this Court finds that the magistrate judge's report and recommendation should be affirmed and adopted in its entirety and that the defendant's motion for a writ of mandamus should be denied.

## II. Facts

The defendant was sentenced by this Court on March 16, 1992, to 192 months of imprisonment for possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). At that time, charges were pending against the defendant in the Commonwealth of Virginia, but no sentence had been imposed by that sovereign. This Court made no recommendation regarding the service of the federal sentence in relationship to the yet-to-be-imposed state term. Subsequently, the defendant was sentenced by the Honorable Herman A. Whisenant, Jr., Judge of the Circuit Court of Prince William County, Virginia, to 40 years of imprisonment consecutively to any other sentence imposed on the defendant.[2]

On November 10, 2004, the defendant filed a motion for relief from this Court's judgment. Specifically, the defendant asked this

---

[2]The report and recommendation erroneously states that this Court ordered the defendant's sentence to run consecutively to any other sentence imposed on the defendant in the Virginia state court action.

2

Court to order that his federal sentence be served concurrently with the sentence imposed upon him by the Commonwealth of Virginia. Construing the motion as a request for a nunc pro tunc designation, this Court found that it lacked authority to grant the defendant the relief he sought, denied the motion for relief from judgment, and advised the defendant that the proper avenue for pursuing his request was by following the procedures discussed in Federal Bureau of Prisons Program Statement 5160.05, Section 9.[3]

The defendant completed his federal sentence on July 1, 2005, at which time he was turned over to authorities of the Commonwealth of Virginia. The defendant is currently incarcerated in the Commonwealth of Virginia serving his 40 year state sentence.

The defendant now seeks a writ of mandamus from this Court ordering the Federal Bureau of Prisons ("BOP") to run his federal and state sentences concurrently by a retroactive designation. According to the defendant, if his sentences run consecutively, the total time he will serve exceeds the sentence called for by the United States Sentencing Guidelines.

The government seeks to dismiss the motion for a writ of mandamus. The government contends that because the defendant's federal sentence has been fully executed, the United States is not a proper party to this action and this Court lacks jurisdiction.

---

[3]This Court's order attached and made part of the order a copy of Federal Bureau of Prisons Program Statement 5160.05.

The United States also argues that even if the defendant were entitled to relief, he has not met the requirements for a writ of mandamus to be issued.

### III. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to <u>de novo</u> review is waived. <u>See</u> <u>Webb v. Califano</u>, 468 F. Supp. 825 (E.D. Cal. 1979). Because the plaintiff has filed what this Court construes to be objections, this Court conducts <u>de novo</u> review to those portions of the magistrate judge's report and recommendation to which the plaintiff objects.

### IV. Discussion

The defendant is not entitled to a nunc pro tunc designation for his federal and state sentences to run concurrently. "Multiple terms of imprisonment imposed at different times run consecutively unless the [federal] Court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a). However, a federal court does not have authority to designate the relationship of its sentence to another sentence which not yet been imposed. <u>See</u> <u>Romandine v.</u>
4

United States, 206 F.3d 731, 737-38 (7th Cir. 2000) (federal court may not order its sentence to run concurrently with a non-existent sentence of some other court); United States v. Quintero, 157 F.3d 1038, 1039 (6th Cir. 1998) (federal court lacks authority to order a sentence to be served consecutively to a not-yet-imposed state sentence). Moreover, silence by the sentencing court regarding concurrency creates a presumption that the sentences will be served consecutively. See, e.g., United States v. Blue, 874 F. Supp. 409, 413 (D.D.C. 1995).

Here, this Court did not--and does not--have authority to order that the defendant's federal sentence run concurrently with or consecutively to the Commonwealth of Virginia sentence because the latter sentence had not yet been imposed. Consequently, this Court's sentencing order was silent regarding the relationship of the federal and state sentences. That the Virginia court then expressly ordered that its sentence be served consecutively to any other sentence imposed on the defendant does not alter this Court's power, or lack thereof, concerning concurrency. Moreover, pursuant to 18 U.S.C. § 3621(b), only the BOP has authority to designate where a federal inmate serves his or her federal sentence. Thus, to the extent that the defendant asks this Court to order the BOP to give the defendant a nunc pro tunc designation that his federal sentence run concurrently with his state sentence, the motion must be denied.

The defendant's motion must also be denied insofar as it asks this Court to order the BOP to consider the defendant's request for a nunc pro tunc designation by following the procedures set forth in BOP Program Statement 5160.05, Section 9.c(4).  This policy states:

> (4) **Inmate Request.** Occasionally, an inmate may request a nunc pro tunc (i.e., occurring now as though it had occurred in the past) designation.  As a result of the decision in <u>Barden v. Keohane</u>, 921 F.2d 476 (3rd Cir. 1990), the Bureau considers an inmate's request for pre-sentence credit toward a federal sentence for time spent in service of a state sentence as a request for a nunc pro tunc designation.
>
>> (a) In <u>Barden</u>, the court held that the Bureau must consider an inmate's request for concurrent service of the state and federal sentences.  However, there is no obligation under <u>Barden</u> for the Bureau to grant the request by designating a state institution retroactively as the place to serve the federal sentence.
>>
>> (b) This type of request will be considered regardless of whether the inmate is physically located in either a federal or state institution. Information will be gathered, if available, to include:  a copy of the federal and state J & Cs, the state sentence data record to include jail credit, and any other pertinent information relating to the federal and state sentences.
>>
>> (c) In making the determination, if a designation for concurrent service may be appropriate (e.g., the federal sentence is imposed first and there is no order or recommendation regarding the service of the sentence in relationship to the yet to be imposed state term), the [Regional Inmate Systems Administrator ("RISA")] will send a letter to the sentencing court (either the Chambers of the Judge, U.S. Attorney's Office,

and/or U.S. Probation Office, as appropriate) inquiring whether the court has any objections. Regardless of where the original inquiry is directed, the U.S. Attorney's Office and U.S. Probation Office will receive a courtesy copy.

(d) If, after 60 days, a response is not received from the sentencing court, the RISA will address the issue with the Regional Counsel and a decision will be made regarding concurrency.

(e) No letter need be written if it is determined that a concurrent designation is not appropriate. If the court has indicated previously that its language on judgments is sufficient for designation of a state institution for service of the federal sentence, then no further letters need be written.

When the original sentencing judge is no longer available and the assigned judge offers no opinion, the RISA will make a determination based on the particular merits of the case. (Refer to Section 8.a. for more information.) The RISA will notify the inmate of the decision in writing and place a copy of this notification in the J & C file.

(f) The Bureau will not allow a concurrent designation if the sentencing Court has already made a determination regarding the order of service sentence (i.e., the Federal Sentencing Court ordered the sentence to run consecutively to any other sentence, or custody in operation, during any time in which the inmate requests concurrent designation).

F.B.O.P. Program Statement 5160, Sec. 9.c(4).

The magistrate judge found that this BOP Program Statement is inapplicable to the facts presented in this action. In his analysis, the magistrate judge noted that paragraph 4 of the BOP

Program Statement refers to a request by an inmate for a nunc pro tunc designation as "a request for presentence credit toward a federal sentence for time spent in service of a state sentence." According to the magistrate judge, this language indicates that a nunc pro tunc designation is inapplicable where an inmate has served no portion of a state sentence before serving the federal sentence.

In his objections, the defendant argues that the magistrate judge's analysis was incomplete. The defendant points to specific language in BOP Program Statement which he says supports his position that the statement is applicable to his case, and he cites a number of cases for the proposition that the BOP must review and decide the nunc pro tunc designation request of a prisoner serving state time. The petitioner's objections lack merit.

First, the defendant misconstrues the language from BOP Program Statement upon which he relies in his effort to refute the magistrate judge's conclusion. According to the defendant, Section 9.4(b) of the Program Statement, which states that a nunc pro tunc request "will be considered regardless of whether the inmate is physically located in either a federal or state institution," supports the defendant's position that the Program Statement is applicable to his case. <u>See</u> F.B.O.P. Program Statement 5160, Sec. 9.b. However, this Court believes that the language upon which the defendant relies assumes the existence of

8

an undischarged federal sentence, and the language cited does nothing to refute the conclusion that the Program Statement is applicable only to cases where an inmate has spent time serving a state sentence before serving his federal sentence.  Therefore, this Court rejects the defendant's argument that Section 9.4(b) supports his position.

Second, the defendant similarly misconstrues the following language he quotes from Section 9.4(c):

> In making the determination, if a designation for concurrent service may be appropriate (e.g., *the federal sentence is imposed first* and there is no order or recommendation regarding the service of the sentence in relationship to the yet to be imposed state term), the RISA will send a letter to the sentencing court (either the Chambers of the Judge, U.S. Attorney's Office, and/or U.S. Probation Office, as appropriate) inquiring whether the court has any objections.

F.B.O.P. Program Statement 5160, Sec. 9.c(4) (emphasis added).  In the defendant's view, use of the example where "the federal sentence is imposed first" indicates that the BOP policy contemplates the application of a nunc pro tunc designation to an inmate whose federal sentence is served before the state sentence.  However, the section quoted above refers to the imposition of the federal sentence before the imposition of the state sentence.  It in no way suggests that a nunc pro tunc designation can apply to inmate whose federal sentence is served and completed before the state sentence.  Accordingly, this Court rejects the defendant's

9

contention that Section 9.4(c) contradicts the magistrate judge's conclusion.

Finally, in his objections, the defendant cites three cases that he argues lend support to his position: <u>McCall v. Bureau of Prisons</u>, 2007 U.S. Dist. Lexis 4582 (D. Conn. Jan. 19, 2007); <u>United States v. Quintero</u>, 157 F.3d 1039 (6th Cir. 1998); and <u>United States v. Fuentes</u>, 107 F.3d 1515 (11th Cir. 1997). However, none of these cases involved a prisoner, like the defendant in this action, who had served the entirety of his federal sentence first, who had already been released from federal custody; or whose state sentence was ordered to run consecutively. Therefore, this Court finds the cases cited by the defendant to be inapplicable to this action and the defendant's objections based upon those cases to be without merit.

In sum, based upon a <u>de novo</u> review, this Court concludes that the defendant is not entitled to the relief he seeks. Accordingly, the magistrate judge's report and recommendation will be affirmed and adopted in its entirety, and the defendant's motion for a writ of mandamus will be denied.

## V. <u>Conclusion</u>

For the reasons set forth above, this Court OVERRULES the defendant's objections and AFFIRMS and ADOPTS in its entirety the magistrate judge's report and recommendation. It is ORDERED that the defendant's motion for a writ of mandamus be DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:     March 13, 2009

>                             /s/ Frederick P. Stamp, Jr.
>                             FREDERICK P. STAMP, JR.
>                             UNITED STATES DISTRICT JUDGE